IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| YELLOWONE INVESTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 2-06-CV-475 (TJW) |
| | § | |
| VERIZON COMMUNICATIONS, INC., and | § | JURY DEMANDED |
| IDEARC INFORMATION SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

### IDEARC INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF YELLOWONE INVESTMENTS'S COMPLAINT

Defendant Idearc Information Services LLC (incorrectly named as Idearc Information Services, Inc.) ("Idearc") respectfully files this Answer to Plaintiff Yellowone Investments's Complaint.

### JURISDICTION AND VENUE

1. With respect to paragraph 1 of Plaintiff's Complaint, Idearc admits that Plaintiff purports to pursue a patent infringement action under 35 U.S.C. §§ 271 and 281.

2. With respect to paragraph 2 of Plaintiff's Complaint, Idearc admits that the federal district courts have exclusive subject matter jurisdiction over patent infringement cases under 28 U.S.C. § 1338(a) and that patent infringement actions arise under the federal patent laws codified in Title 35 of the United States Code.

3. With respect to paragraph 3 of Plaintiff's Complaint, Idearc denies that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

1

## PARTIES

4. Idearc lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint.

5. On information and belief, Idearc admits that Defendant Verizon Communications Inc. (incorrectly named as Verizon Communications, Inc.) is a Delaware corporation that maintains its principal place of business in New York, New York. On information and belief, Idearc denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6. With respect to paragraph 6 of Plaintiff's Complaint, Idearc denies that it is a corporation organized and existing under the laws of the State of Delaware; admits that it has as its address P.O. Box 619810, DFW Airport, Texas, 75261-9810; and denies that it does business within this Judicial District.

7. Idearc denies committing the acts alleged herein within this or any other Judicial District.

## CLAIM FOR RELIEF

8. Idearc refers to and incorporates by reference its responses to paragraphs 1-7 above.

9. Idearc admits that United States Patent 5,930,474 ("the '474 Patent") bears an issue date of July 27, 1999, is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and lists Peter D. Dunworth, John W. Veenstra, and Joan Nagelkirk as inventors. Idearc admits that a copy of the '474 Patent is attached to Plaintiff's Complaint as Exhibit A. Idearc lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10. Idearc denies the allegations contained in paragraph 10 of Plaintiff's Complaint as they relate to Idearc. On information and belief, Idearc denies the allegations contained in paragraph 10 of Plaintiff's Complaint as they relate to Verizon Communications Inc.

11. Idearc denies the allegations contained in paragraph 11 of Plaintiff's Complaint as they relate to Idearc. On information and belief, Idearc denies the allegations contained in paragraph 11 of Plaintiff's Complaint as they relate to Verizon Communications Inc.

12. Idearc denies the allegations contained in paragraph 12 of Plaintiff's Complaint as they relate to Idearc. On information and belief, Idearc denies the allegations contained in paragraph 12 of Plaintiff's Complaint as they relate to Verizon Communications Inc.

13. Idearc denies the allegations contained in paragraph 13 of Plaintiff's Complaint as they relate to Idearc. On information and belief, Idearc denies the allegations contained in paragraph 13 of Plaintiff's Complaint as they relate to Verizon Communications Inc.

14. Idearc denies the allegations contained in paragraph 14 of Plaintiff's Complaint as they relate to Idearc. On information and belief, Idearc denies the allegations contained in paragraph 14 of Plaintiff's Complaint as they relate to Verizon Communications Inc.

## DEMAND FOR TRIAL BY JURY

15. Idearc admits that Plaintiff purports to demand a trial by jury for all issues so triable.

Idearc denies the allegations, if any, contained in the prayer for relief on pages 3-4 of Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief whatsoever from Idearc.

Unless specifically addressed above, Idearc denies each and every allegation contained in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

For its affirmative and other defenses to Plaintiff's Complaint, Idearc alleges as follows:

16. Idearc is a holding company that does not operate the website referenced in Plaintiff's Complaint and has no involvement in the allegedly infringing activity. Thus, Idearc is an improper party in this litigation.

17. Venue is improper in this Judicial District.

18. Plaintiff's Complaint, and/or each claim for relief contained therein, fails to state a claim upon which relief can be granted against Idearc.

19. The '474 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, 112 and/or 132.

20. Plaintiff is estopped from construing any valid claim of the '474 Patent to be infringed or to have been infringed, either literally or under the doctrine of equivalents, by any system, product, method, or service manufactured, used, imported, sold, or offered for sale by Idearc in view of the prior art and/or because of limitations in the claims of the '474 Patent or in any related domestic or foreign patent(s), definitions, disclaimers, disavowals or other language in the specification of the '474 Patent or any related domestic or foreign patent(s), statements made during prosecution of the application(s) leading to the '474 Patent or any related domestic or foreign patent(s), statements made in connection with licensing or enforcement efforts involving the '474 Patent or any related domestic or foreign patent(s), and/or other statements regarding the '474 Patent or any related domestic or foreign patent(s).

21. Plaintiff's claims are barred to the extent Plaintiff has dedicated to the public systems, products, and methods disclosed in the '474 Patent but not literally claimed therein.

22.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, and/or waiver.

Idearc reserves the right to assert additional affirmative defenses and counterclaims after further investigation, including defenses related to validity and enforceability.

## **PRAYER FOR RELIEF**

WHEREFORE, Idearc Information Services LLC prays for judgment as follows:

A.      That this Court fully and finally dismiss Plaintiff's claims against Idearc and order that Plaintiff take nothing from Idearc;

B.      That this Court award Idearc all of its costs of this action;

C.      That this Court find that this is an exceptional case and award Idearc its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

D.      That this Court grant Idearc such other and further relief as the Court may deem just and proper.

Dated:  February 9, 2007                         Respectfully submitted,

                                                             BAKER BOTTS L.L.P.


                                                             */s/*  Timothy S. Durst
                                                             Bryant C. Boren, Jr., Lead Attorney
                                                             State Bar No. 02664100
                                                            Email:  bryant.c.boren@bakerbotts.com
                                                            Timothy S. Durst
                                                             State Bar No. 00786924
                                                            Email:  tim.durst@bakerbotts.com
                                                            Chris Kennerly
                                                            State Bar No. 00795077
                                                            Email:  chris.kennerly@bakerbotts.com
                                                            Allyson N. Ho
                                                            State Bar No. 24033667
                                                            Email:  allyson.ho@bakerbotts.com
                                                            2001 Ross Avenue, Suite 700
                                                            Dallas, Texas 75201-2980
                                                            214.953.6500 – Voice
                                                            214.953.6503 – Facsimile


                                                            ATTORNEYS FOR DEFENDANT IDEARC
                                                            INFORMATION SERVICES LLC

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 9, 2007, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This Answer was served on all counsel either by electronic filing or by hand delivery and/or email.

                                                */s/* Timothy S. Durst
                                                Timothy S. Durst