IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| YELLOWONE INVESTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 2-06-CV-475 (TJW) |
| | § | |
| VERIZON COMMUNICATIONS, INC., and | § | JURY DEMANDED |
| IDEARC INFORMATION SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT VERIZON COMMUNICATION INC.'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12, Defendant Verizon Communications Inc. (incorrectly named as Verizon Communications, Inc.) ("VCI") hereby moves to dismiss Plaintiff Yellowone Investments's ("Yellowone") claims against VCI for lack of personal jurisdiction.

## I. INTRODUCTION

VCI is a non-resident holding company. It conducts no business and sells no services or products in Texas (or anywhere else for that matter). As a result, VCI lacks the "minimum contacts" with Texas required to justify the exercise of personal jurisdiction over a non-resident. Accordingly, all of the claims against VCI must be dismissed.

## II. BACKGROUND

Yellowone alleges that VCI infringed United States Patent No. 5,930,474 (the "'474 Patent") "by, among other things, using and providing World Wide Web sites covered by one or more claims of the '474 Patent . . . including the 'City Pages' feature of [its] superpages.com World Wide Web site." Complaint at ¶ 10. Yellowone further alleges that VCI has "induced infringement and/or engaged in acts of contributory infringement of the '474 Patent." To

1

support personal jurisdiction over VCI, Yellowone alleges that VCI "does business within this Judicial District." Complaint at ¶ 5.

Yellowone's jurisdictional allegations are demonstrably untrue. VCI is a holding company that is incorporated in Delaware and has its principal place of business in New York. Declaration of Jane A. Schapker at ¶¶ 2, 5 (Exhibit A). VCI does no business in Texas. *Id.* at ¶ 10. It does not maintain a place of business in Texas, is not licensed to do business in Texas, and has no assets, employees, or agents in Texas. *Id.* at ¶ 10. VCI directs none of its activities toward residents of Texas, either directly or through any subsidiaries. *Id.* at ¶¶ 10, 12.

VCI does not make, use, sell, ship, advertise, provide, market, or distribute anything in Texas or anywhere else. *Id.* at ¶¶ 7, 8, 10. Holding stock in other businesses (such as operating companies) is VCI's only business. *Id.* at ¶ 5. Many of those operating companies use the name "Verizon" with a geographic or other qualifier, such as the former Verizon Information Services.[1] But those companies are separate and distinct from VCI. *Id.* at ¶¶ 9, 12. VCI observes all corporate formalities. *Id.* at ¶ 9. VCI does not finance its subsidiaries or pay the salaries of the subsidiaries' employees. *Id.* All of VCI's operating subsidiaries operate with sufficient access to capital to conduct their own day-to-day operations. *Id.*

### III.   ARGUMENT

**YELLOWONE'S CLAIMS AGAINST VCI MUST BE DISMISSED
FOR LACK OF PERSONAL JURISDICTION**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the exercise of jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Patent Incentives, Inc. v. Seiko Epson Corp.*, 878

---

[1] *Id.* at ¶ 5. Verizon Information Services Inc. (now known as Idearc Information Services LLC) was "spun off" from VCI in 2006. *Id.* at ¶ 4.

F.2d 1446, 1989 WL 59272, at *1 (Fed. Cir. June 7, 1989); *Gundle Lining Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996).[2]  To meet its burden of establishing personal jurisdiction over a non-consenting, non-resident defendant, a plaintiff generally must show (among other things) that maintaining the suit in the forum state comports with due process. *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc., et al.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).  Due process, in turn, requires that:  (1) the non-resident must have some "minimum contacts" with the forum that results from an affirmative act on its part such that the non-resident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the non-resident to defend a suit in the forum.  *Burger King v. Rudzewicz*, 471 U.S. 462, 474-77 (1985); *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1372 (Fed. Cir. 2000); *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).[3]

In this case, neither requirement can be met.  VCI does not merely lack minimum contacts with the State of Texas.  It has *no* contacts—it is not a resident, has no offices, and transacts no business in the State.  There is, moreover, nothing fair or reasonable about haling a non-resident, halfway across this nation, to defend the suit in a forum with which it has no contacts whatsoever.

      A.     **VCI Does Not Have Minimum Contacts with Texas.**

To establish "minimum contacts," Yellowone must show that VCI is subject to either general or specific jurisdiction. *LSI Indus.*, 232 F.3d at 1375; *Alpine View Co. Ltd. v. Atlas*

---

[2] In patent cases, Federal Circuit law governs. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

[3] In general, a plaintiff also must show that a statute makes the defendant amenable to service of process. *International Shoe Co. v. Washington*, 326 U.S. 310, 15-16 (1945).  Here, however, Texas's long-arm statute is co-extensive with the limits of due process.  TEX. CIV. PRAC. & REM. CODE. ANN. 170.042 (West 1997), *Gundle Lining Constr. v. Adams County Asphalt*, 85 F.3d 201, 204 (5th Cir. 1996).  As a result, the personal jurisdiction analysis here folds into a single inquiry:  whether VCI has sufficient minimum contacts with Texas to make the exercise of personal jurisdiction consistent with due process. *3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998); *HollyAnne Corp. v. TFT, Inc.* 199 F.3d 1304, 1307 (Fed. Cir. 1999).

*Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000). In either case, Yellowone must show that VCI has purposefully directed activities at the forum or its residents. A defendant will not be haled into a jurisdiction solely as a result of "'random,' 'fortuitous,' or 'attenuated' contacts. . . or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (citations omitted). VCI has no contacts with Texas—let alone minimum contacts—that would permit the Court to exercise jurisdiction over VCI in this matter.

    **1.    VCI Lacks Sufficient Minimum Contacts with Texas to Support General Jurisdiction.**

General jurisdiction exists when the non-resident's contacts with the forum state are "continuous and systematic," even if the cause of action has no relation to those contacts. *LSI Indus.*, 232 F.3d at 1375. The plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See*, *e.g.*, *McGee International Life Ins. Co.*, 355 U.S. 200, 2223 (1957); *see also LSI Indus.*, 232 F.3d.

VCI has no contacts with Texas, much less the "continuous and systematic" contacts required by due process. VCI is a Delaware corporation with its principal place of business in New York. Schapker Dec. at ¶ 2. VCI does not maintain a place of business in Texas, is not licensed to do business in Texas, and has no assets, employees, or agents in Texas. *Id.* at ¶ 10. VCI conducts no business in Texas and directs none of its activities toward residents of Texas. *Id.* VCI thus lacks even "random," "fortuitous," or "attenuated" contacts with Texas that, even if they existed, would still be insufficient to exercise personal jurisdiction over the company. *Burger King*, 471 U.S. at 475 (citations omitted).

Yellowone cannot rely on the activities of VCI's subsidiaries to support jurisdiction over VCI. Those subsidiaries are separate and distinct from VCI. VCI observes all corporate formalities. *Id.* at ¶ 9. VCI does not pay the salaries of subsidiaries' employees or finance their

4

operations. *Id.* It is hornbook law that facts relating to a holding company's subsidiaries cannot establish personal jurisdiction over the holding company itself. *See Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (upholding dismissal for lack of personal jurisdiction where defendant was a holding company that had no presence or activity in the forum state nor control over its subsidiary); *Alpine*, 205 F.3d at 218 ("A [non-resident] parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the [non-resident] parent."); *Kelly v. Syria Shell Petroleum Dev. B.V., et al.*, 213 F.3d 841, 856 (5th Cir. 2000) ("[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributable to the other.").

    **2.**    **VCI Has No Contacts with Texas to Support Specific Jurisdiction.**

Specific jurisdiction over a non-resident defendant exists when the defendant has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). To determine if minimum contacts exist for specific jurisdiction, the Federal Circuit examines (1) whether the defendant purposefully directed its activities at residents of the forum, and (2) whether the plaintiff's claim arises out of or relates to those activities. *3D Systems, Inc.*, 160 F.3d at 1378. Because VCI does not make, use, or sell anything (in any jurisdiction), nor conduct any business in this jurisdiction, Yellowone cannot show that VCI purposefully directed its activities at Texas residents. Nor does VCI (in this State or in any other) own, operate, or determine the content of any website (such as the superpages.com website) that is alleged to violate Yellowone's patent. Schapker Dec. at ¶ 11. Yellowone's

cause of action simply cannot arise out of VCI's conduct in this forum, because VCI has neither conducted activities in this forum nor directed any activities at residents of this forum.

### 3. This Court and Many Others Have Already Concluded That VCI Lacks Sufficient Contacts To Justify the Exercise of Jurisdiction.

Court after court has already considered the precise issue before the Court today, and court after court has already held that personal jurisdiction is lacking. For example, in a patent infringement action like this one, the Northern District of Texas held that VCI was not subject to personal jurisdiction in this State. *See Phonetel Communications, Inc. v. U.S. Robotics Corp., et al.*, Civil Action No. 4:00-CV-1750-R, 2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001). In *Phonetel*, the plaintiff opposed VCI's motion to dismiss in part by arguing that the VCI brand name had a large presence in Texas, that VCI maintained a website accessible in Texas, and that VCI was bound by its subsidiaries' conduct in Texas. The court rejected each of these arguments. The court relied in part on an affidavit that VCI submitted with its motion to dismiss. That affidavit substantively was the same as the affidavit VCI submits with this Motion. Based on the affidavit and Federal Circuit law, the court concluded that VCI's "contacts with Texas are lacking in quantity and quality to justify personal jurisdiction, and there is no evidence that [VCI's] relationship with its subsidiaries would justify a finding of specific or general jurisdiction in Texas." *Id.* at *17. The court dismissed Phonetel's claims.

Similarly, courts in Maryland and Florida have held that VCI (then known as Bell Atlantic Corporation, or "Bell Atlantic") was not subject to personal jurisdiction based on the conduct of its subsidiaries:

- *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717 (D. Md. 2000). The court granted Bell Atlantic's motion to dismiss for lack of personal jurisdiction because Bell Atlantic failed to exert the requisite control over its subsidiaries to justify piercing the corporate veil.

- *Bell Atlantic Corporation v. Associated Data Consultants, Inc.*, 714 So. 2d 523 (Ct. App. Fl. 1998). The court reversed the denial of Bell Atlantic's motion to dismiss for lack of personal jurisdiction and remanded for dismissal because "[t]he record reflects insufficient evidence to support a conclusion that [Bell Atlantic] exercised control over its subsidiary company . . . sufficient to impose personal jurisdiction over the parent."

Finally, in two other cases before this very Court, VCI was dismissed as a defendant after objecting to the exercise of personal jurisdiction over it. *See TGIP, Inc. v. AT&T Corp., et al.*, Civil Action No. 2:06-CV-105 LED (Exhibit B) (VCI dismissed from the case by plaintiff after VCI filed a motion to dismiss for lack of personal jurisdiction); *MyMail, Ltd. v. America Online, Inc., et al.*, Civil Action No.6:04-CV-189 (VCI dismissed from the case after VCI filed a motion to dismiss for lack of personal jurisdiction) (Exhibit C). For the same reasons, this Court should dismiss Yellowone's claims against VCI for lack of personal jurisdiction.

### B.   The Assertion of Jurisdiction Would Not Be Fair and Reasonable.

Given the absence of both general and specific jurisdiction over VCI in Texas, this Court need not consider whether the exercise of jurisdiction comports with traditional principles of fair play and substantial justice. *See Burger King*, 471 U.S. at 476; *Nutrition Physiology Corp.*, 87 F. Supp. 2d at 651 ("Only if the non-resident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with traditional notions of fair play and substantial justice."). For the reasons given above, however, there is nothing reasonable about haling VCI—a Delaware corporation with no minimum contacts in Texas—into the Eastern District of Texas to confront a lawsuit.

### IV.   CONCLUSION

Yellowone cannot establish personal jurisdiction over VCI in the Eastern District of Texas. As a result, this Court should dismiss Yellowone's claims against VCI.

7

Dated: February 9, 2007                                Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/*  Timothy S. Durst
Bryant C. Boren, Jr., Lead Attorney
State Bar No. 02664100
Email:  bryant.c.boren@bakerbotts.com
Timothy S. Durst
State Bar No. 00786924
Email:  tim.durst@bakerbotts.com
Chris Kennerly
State Bar No. 00795077
Email:  chris.kennerly@bakerbotts.com
Allyson N. Ho
State Bar No. 24033667
Email:  allyson.ho@bakerbotts.com
2001 Ross Avenue, Suite 700
Dallas, Texas 75201-2980
214.953.6500 – Voice
214.953.6503 – Facsimile

ATTORNEYS FOR VERIZON
COMMUNICATIONS INC.

## CERTIFICATE OF SERVICE

   The undersigned certifies that on February 9, 2006, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This Motion was served on all counsel either by electronic filing or by hand delivery and/or email.

                */s/* Timothy S. Durst
                Tim S. Durst