UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| YELLOWONE INVESTMENTS, an English Wales corporation,<br>　　　Plaintiff,<br><br>　　　v.<br><br>VERIZON COMMUNICATIONS, INC., a Delaware corporation, IDEARC INFORMATION SERVICES, INC. a Delaware corporation<br><br>　　　Defendants. | Case No. 2-06-CV-475 TJW<br>Hon. T. John Ward |

**YELLOWONE INVESTMENTS OPPOSITION TO VERIZON COMMUNICATIONS INC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Yellowone Investments ("Yellowone") hereby opposes the motion to dismiss filed by Defendant Verizon Communications Inc. ("Verizon Communications").  This opposition is supported by the declaration of Michael K. Friedland filed herewith.

**I. INTRODUCTION**

This action concerns the infringement of Yellowone's patent by a web site.  The infringing web site is www.superpages.com.  In its Motion, Verizon Communications forcefully asserts that it has no contacts with Texas and requests that it be dismissed from this case.  Verizon Communications' assertions, however, are contradicted by publicly available records.  These records identify the technical contact for the www.superpages.com web site as Verizon Communications.  Moreover, these records identify the address for the Verizon Communications technical contact as Irving, Texas.  In addition, a press release on the www.verizon.com web site identifies media contacts for Verizon Communications as being located in Texas.  In view of this

Dockets.Justia.co

evidence, Verizon Communications certainly has sufficient contacts with the State of Texas to warrant the exercise of specific jurisdiction, and this Court should deny Verizon Communications' motion.

## II. BACKGROUND

This is a patent infringement action brought by Yellowone against Verizon Communications and Idearc Information Services, Inc. ("Idearc"). The asserted patent, U.S. Patent No. 5,930,474 ("the '474 patent") includes technology for a software interface that organizes information based upon the geographical area of the resources for which the information is desired. Verizon Communications' and Idearc's infringing activities include the use and provision of world wide web sites that use Yellowone's patented technology. These web sites include the City Pages feature of the www.superpages.com web site. Complaint ¶ 10.

According to publicly available records, the "technical contact" for the www.superpages.com web site has been Verizon Communications. The source of this information is the Whois.net web site.[1]

The registration data for the www.superpages.com web site identifies the Technical Contact and Zone Contact for this site as Verizon Communications. Friedland Decl, Ex. 1. Furthermore, this listing identifies a business address in Irving, Texas for Verizon Communications. *Id.* Verizon Communications is also listed as the Technical Contact and Zone Contact for the www.verizonwireless.com web site, also with a business address in Irving, Texas. Friedland Decl., Ex. 2.

---

[1] WHOIS services provide public access to data on registered internet domain names, including contact information for registered domain name owners. The Whois.net web site has a lookup tool that allows users to obtain registration data for web sites, including the "technical contact" for each web site. *See* Friedland Decl., Ex. 4.

Additional evidence on the www.verizon.com web site also supports the assertion of jurisdiction over Verizon Communications in this forum. In particular, a press release from this website dated October 30, 2006 describes the opening of the nation's first Verizon Experience store in Dallas, Texas and identifies two individuals from Verizon Communications as media contacts for the press release. Friedland Decl., Ex. 3. One of these media contacts is identified as "Bill Kula, Verizon Communications (Texas)" followed by a phone number with a 972 area code, the Dallas metropolitan area. *Id.*

Yellowone filed this action on November 15, 2006. Idearc answered the complaint on February 9, 2007, while Verizon Communications has moved to dismiss for lack of personal jurisdiction.

### III. LEGAL STANDARD

The issue of personal jurisdiction in a patent action is a question of law that is analyzed under Federal Circuit law. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998). The Federal Circuit has explained that personal jurisdiction over an out-of-state defendant is proper if the forum state's long arm statute permits the assertion of jurisdiction without violating federal due process. *Id.* at 1376-1377. The reach of Texas' long-arm statute is coextensive with the federal constitutional limits on due process, which "permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citations omitted).

In order to defeat a motion to dismiss for lack of personal jurisdiction, Yellowone need initially make only a *prima facie* showing of jurisdiction. *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997). Moreover, when considering the pleadings and affidavits, the Court must accept Yellowone's uncontroverted allegations as true and must resolve all disputes over jurisdictional facts in favor of Yellowone. *See Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

## IV. THERE IS AMPLE EVIDENCE TO ASSERT SPECIFIC JURISDICTION OVER VERIZON COMMUNICATIONS

Verizon Communications' involvement with the www.superpages.com web site satisfies the three-prong minimum contacts test for specific jurisdiction set forth by the Federal Circuit. This analysis considers (1) whether Verizon Communications purposefully directed its activities at residents of Texas; (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. *3D Systems*, 160 F.3d at 1378.

Verizon Communications' involvement in the www.superpages.com web site meets the first prong of the Federal Circuit's test. By maintaining a location in Irving, Texas that operates as the technical contact for the www.superpages.com web site, Verizon Communications has purposefully directed its activities towards residents of Texas and availed itself of the benefits and protections of doing business within this state.

Verizon Communications' role as the technical contact for the www.superpages.com web site also satisfies the second prong of this test, because Verizon Communications' activities in Texas directly relate to the claim of patent infringement that is at issue here. In particular, Yellowone contends that Verizon Communications and Idearc are infringing the '474 patent by using and providing web sites that are covered by the claims of the '474 patent. One such site is

the "City Pages" feature on the www.superpages.com web site. *See* Complaint at ¶ 10. Thus, Yellowone's claim of infringement is directly related to Verizon Communications' activities in Texas with respect to the www.superpages.com web site.

The third prong of the Federal Circuit's test is whether jurisdiction would be fair and reasonable. For this prong, it is Verizon Communications who has the burden to prove that the exercise of jurisdiction would be constitutionally unreasonable. *3D*, 160 F.3d at 1379-80. In view of Verizon Communications' Texas activities, which directly relate to the claim of patent infringement, the exercise of jurisdiction is fair and reasonable here. Litigating in this state would not be inconvenient for Verizon Communications, a large corporation who has promoted itself as a Dow 30 company with reported 2006 earnings of $88.1 billion, an operating income of $13.4 billion in 2006, and 250,000 employees. Friedland Decl, Ex. 5; Ex. 6 at 4. Furthemore, Verizon Communications maintains a business location in the state for technical aspects of at least one of the infringing web sites. *Id.*, Ex. 1.

Litigating in this forum also furthers Yellowone's interest in having a prompt and efficient resolution of this judicial dispute. Idearc, the other co-defendant, has already filed an answer and is proceeding forward with this action in Texas. If Yellowone proceeded to litigate against Idearc in this forum but then had to pursue Verizon Communications in another forum, that would result in inefficient, piecemeal litigation.

There is no other forum that has a significant interest in adjudicating this action. Because this is a patent case, Federal Circuit law will apply to the substantive issues, regardless of the forum state. Thus, there is no compelling reason that would require litigation against Verizon Communications in a different forum.

In view of these facts, the exercise of jurisdiction over Verizon Communications is fair and reasonable. *See Burger King v. Rudzewicz,* 471 U.S. 462, 476 (1985) (jurisdiction is proper if the defendant purposefully established minimum contacts within the state and the assertion of jurisdiction comports with fair play and substantial justice).

## V. GENERAL JURISDICTION MAY ALSO EXIST OVER VERIZON COMMUNICATIONS

In addition to establishing specific jurisdiction, the records thus far uncovered by Yellowone also suggest that general jurisdiction over Verizon Communications in Texas may also be proper. Again, Verizon Communications has maintained a business location in Irving, Texas serving as a technical contact for the www.superpages.com web site, as well as other Verizon web sites, such as www.verizonwireless.com. The existence of this office suggests that Verizon Communications has had general and systematic contacts within the state of Texas. In addition, at least one press release on the www.verizon.com web site specifically states that Verizon Communications has media contacts, including Bill Kula in Texas, who is listed with a phone number that has an area code corresponding to the Dallas metropolitan area. Friedland Decl, Ex. 3. Thus, this press release indicates that Verizon Communications does have employees within this state. *Id.*

This initial evidence, which Yellowone has obtained from public records prior to any discovery, directly contradicts Verizon Communications' argument regarding its lack of contacts in Texas and supports the assertion of general jurisdiction over Verizon Communications.

/ / /

/ / /

/ / /

## VI. **THE CASES CITED BY VERIZON COMMUNICATIONS ARE IRRELEVANT**

While Verizon Communications cites prior court decisions in which it or its predecessor has been dismissed for lack of personal jurisdiction, those decisions are irrelevant to the current litigation. In particular, none of these decisions reference the specific evidence of jurisdiction that Yellowone has set forth here. The decision in *Phonetel Comm'ns, Inc. v. U.S. Robotics Corp., et al.*, No. 00-CV-1750, 2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001), did not reference the Irving office or the role of Verizon Communications as a technical contact for the www.superpages.com web site that has been accused of infringement here. *Newman v. Motorola*, 125 F. Supp. 2d 717 (D. Md. 2000), and *Bell Atlantic Corp. v. Associated Data Consultants, Inc.*, 714 So. 2d 523 (Fla. Dist. Ct. App. 1998), are also inapposite because they both involved an analysis of jurisdiction based upon control of a subsidiary, which is not at issue here. In addition, in *Newman*, there was no allegation of direct activities by the defendant in the forum state, while Yellowone has presented such allegations here. In short, none of these opinions referred to a specific allegation of patent infringement committed by Verizon Communications arising from its activities with regard to the www.superpages.com web site.

Verizon Communications also cites prior notices of dismissal filed by other plaintiffs in this Court. *See* Motion, Exs. B, C. These are completely irrelevant. There is no indication from those dismissals why Verizon Communications was named in those actions or the bases for jurisdiction. The parties in those prior actions may not have had the allegations of specific jurisdiction that Yellowone presented here or may have decided strategically to pursue defendants other than Verizon Communications. Moreover, those notices of dismissal were without prejudice and are not binding on the parties. The fact that other plaintiffs chose to agree to a

dismissal without prejudice has nothing to do with the determination of whether this Court has jurisdiction over Verizon Communications here.

## VII. **CONCLUSION**

In view of Verizon Communications' Texas activities directly relating to the accused www.superpages.com web site, the exercise of jurisdiction over Verizon Communications meets the requirements for due process, and Yellowone respectfully requests that the Court deny Verizon Communications' motion.

Date: February 26, 2007            Respectfully Submitted


                                   By: /s/ *Michael K. Friedland*
                                           Michael K. Friedland

                                   Michael K. Friedland (*Pro Hac Vice*)
                                   KNOBBE, MARTENS, OLSON & BEAR, LLP
                                   2040 Main Street, Fourteenth Floor
                                   Irvine, CA  92614
                                   Telephone:  (949) 760-0404
                                   Facsimile:  (949) 760-8502
                                   mfriedland@kmob.com

                                   Melvin R. Wilcox (Lead Attorney)
                                   State Bar No. 21454800
                                   SMEAD, ANDERSON & DUNN LLP
                                   2110 Horseshoe Lane,
                                   P.O. Box 3343
                                   Longview, TX  75606
                                   Telephone:  (903) 232-1892
                                   Facsimile:  (903) 232-1881
                                   mrw@smeadlaw.com

                                   Attorneys for Plaintiff,
                                   YELLOWONE INVESTMENTS

-9-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this **YELLOWONE INVESTMENTS OPPOSITION TO VERIZON COMMUNICATIONS INC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 26, 2007.

/s/ Michael K. Friedland
Michael K. Friedland

3416958
021207