IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| YELLOWONE INVESTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 2-06-CV-475 (TJW) |
| | § | |
| VERIZON COMMUNICATIONS, INC., and | § | JURY DEMANDED |
| IDEARC INFORMATION SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT VERIZON COMMUNICATIONS INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

Defendant Verizon Communications Inc. (incorrectly named in the complaint as Verizon Communications, Inc.) ("VCI") files this Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction.

**INTRODUCTION**

Nothing in Yellowone's opposition comes close to establishing constitutionally adequate contacts between VCI and the State of Texas necessary for personal jurisdiction. Yellowone does not directly contest that VCI is merely a holding company that has no employees in Texas, does no business in Texas, sells no products in Texas (or anywhere else), and that neither owns, operates, nor determines the content of any website, including the superpages website that is alleged to violate Yellowone's patent. *See* VCI Motion to Dismiss at 1-3 (citing Exh. A (Declaration of Jane A. Schapker)). Instead, Yellowone urges that this Court has jurisdiction because a third-party website lists "Verizon Communications" in Irving, Texas, as the "technical contact" for the superpages website, and because a press release identifies a media contact for "Verizon Communications" as located in Texas. (Opp. at 1, 3, 6). Even if that sort of hearsay

1

evidence were sufficient to establish personal jurisdiction—and it is not—those sources reference "Verizon Communications," not defendant "Verizon Communications Inc." As set forth in the Schapker Declaration attached in support of VCI's Motion, many companies in the Verizon family of corporations use similar names, including the name "Verizon." Schapker Dec. at ¶¶ 4, 5. Nothing in the sources cited by Yellowone indicates that those isolated references to Verizon Communications means VCI, as opposed to separate operating companies that use the name Verizon in the communications industry. And, in fact, neither of those sources means VCI. They are thus wholly insufficient to establish jurisdiction, much less overcome the otherwise unrebutted evidence that VCI is a holding company that conducts no business at all anywhere—it merely holds stock—and certainly conducts no business in Texas.

## ARGUMENT

### I.    SPECIFIC JURISDICTION IS LACKING OVER VCI IN TEXAS

Yellowone does not dispute that, to establish specific jurisdiction over a non-resident defendant like VCI, Yellowone must show that VCI has "purposefully directed" its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). As VCI established in its Motion (pp. 5-7), Yellowone's cause of action cannot arise out of VCI's conduct in Texas, because VCI conducts no activities in Texas and directs nothing toward Texas residents. VCI does no business in Texas; it has no assets, employees, or agents in Texas; it does not maintain a place of business in Texas; it is not licensed to do business in Texas; and it has nothing to do with the superpages website. (Motion to Dismiss at 2, 4 (citing Schapker Dec. at ¶¶ 7-10)).

Unable to contradict that showing directly, Yellowone points to inadmissible hearsay from a third-party website called "WHOIS." That website purports to list "Verizon

Communications," along with a Texas address, as a "Technical Contact" for the superpages website.[1] But that is wholly insufficient to establish personal jurisdiction over VCI.

First, the entity named on the WHOIS website pages as "Verizon Communications," with an address at 919 Hidden Ridge, Irving, Texas, *is not* the entity named in this lawsuit, "Verizon Communications *Inc.*" Supplemental Declaration of Jane Schapker, at ¶ 4, attached as Exhibit A. Verizon Communications Inc. has never had any employees located at the Irving address or anywhere else in Texas. *Id.* at ¶ 3. The website reference is not to the contrary: the umbrella term "Verizon Communications" can refer to any of a number of the communications companies in which Verizon Communications Inc. holds stock rather than VCI itself. *Id.* at ¶ 4; *see also* pp. 5-6, *infra* (explaining that the alleged employee of "Verizon Communications" in Texas turns out to be an employee of an operating company, not VCI). As VCI established in its Motion (p. 2), VCI is a holding company whose only business is holding stock in other businesses (such as operating companies). *Id.* Those other businesses and operating companies are licensed to use "Verizon" (a trademark VCI does not own) together with a geographic or other qualifier, such as "Verizon Wireless." *Id.* But those companies are separate and distinct from VCI. *Id.* It is well established that "a parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the parent." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000).

---

[1] Yellowone also points to a printout from the same website that purportedly concerns a Verizon Wireless website. (Opp. at 1, 2, 6). By Yellowone's own admission, however, "[t]he infringing web site is www.superpages.com" (Opp. at 1). As a result, the Verizon Wireless website is irrelevant to the specific-jurisdiction analysis. Moreover, as VCI established in its Motion (p. 2), many of the operating companies for which VCI holds stock use the name "Verizon" with a geographic or other qualifier, such as "Verizon Wireless." But those companies are separate and distinct legal entities from VCI. For that reason, they provide no basis for exercising specific or general jurisdiction over VCI. Yellowone does not contend otherwise. And, in any event, the entity referred to as "Verizon Communications" on the website pages is not VCI for the reasons explained above.

As a result, Yellowone's repeated assertions that "Verizon Communications" has "involvement" with the superpages website (Opp. at 4), or "maintain[s] a location in Irving, Texas" (*id*. at 1, 4), are misinformed. VCI is not the "Verizon Communications" to which Yellowone and the cited website refer. VCI conducts no activities at all in Texas, and it conducts none of the activities that Yellowone, citing that one website, attempts to attribute to it.

Second, Yellowone's printouts from a third-party website are hearsay that lack the "circumstantial indicia of reliability" that is a prerequisite to their consideration in the personal-jurisdiction analysis. *See Akro*, 45 F.3d at 1547 (only hearsay that "bears circumstantial indicia of reliability" can be admissible for purposes of determining personal jurisdiction). It is by now well accepted that "'any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.'" *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (quoting *St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F. Supp. 2d 773, 775 (S.D. Texas 1999)). This case proves precisely why: stray and unexplained references to a "Verizon Communications" dug up from the Internet, without more, are not self-authenticating as references to the defendant here, VCI. And, in this case, they in fact are not references to VCI. Because Yellowone's "Internet" printouts are insufficient to show that *VCI* has contacts with Texas related to this alleged act—much less controvert VCI's contrary proof— the motion to dismiss must be granted.

## II.    GENERAL JURISDICTION IS LACKING OVER VCI IN TEXAS

General jurisdiction exists when a non-resident's contacts with the forum state are "continuous and systematic," even if unrelated to the cause of action. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1372 (Fed. Cir. 2000). The plaintiff must, however, establish a *substantial* connection between the nonresident defendant and the forum state. *Id.* Yellowone

has not even come close to establishing any contacts between VCI and Texas, let alone continuous and systematic contacts between VCI and Texas. Recognizing as much, Yellowone does not even urge that general jurisdiction exists. Instead, it "suggests" that general personal jurisdiction "may" exist over VCI in Texas. Opp. at 6. But a suggestion is not proof, and Yellowone has utterly failed to meet its burden.

Once again, Yellowone does not directly dispute VCI's showing (Motion to Dismiss at 3-5) that it has no contacts with Texas, much less the "continuous and systematic" contacts required by due process. Attempting to overcome that, Yellowone points to a single press release indicating that "Verizon Communications (Texas)" has a "media contact," identified as "Bill Kula" and listed "with a phone number that has an area code corresponding to the Dallas metropolitan area." Opp. at 6. As explained above, however, the term "Verizon Communications" (or "Verizon Communications (Texas)") as used in the press release does not refer to VCI. *See* p. 3, *supra*. Instead, it refers to certain operating companies that market and sell communications products under the "Verizon" trademark (which VCI does not own). *Id.* VCI itself does not make, use, sell, ship, advertise, provide, market, or distribute anything in Texas or anywhere else; it maintains no officers or employees here.

Indeed, the "Bill Kula" mentioned by Yellowone in the press release is not a VCI employee. He works for one of the Verizon operating companies. Supp. Schapker Dec. at ¶ 2.[2] Likewise, the "Verizon Experience Store" mentioned in the press release is leased, jointly and severally, by Dallas MTA, L.P. and San Antonio MTA, L.P., d/b/a Verizon Wireless—not VCI. *Id.* at ¶ 6. It is well established that facts relating to the *subsidiaries* of a holding company like VCI cannot establish personal jurisdiction over the holding company itself. *See Phonometrics,*

---

[2] Kula is employed by Verizon Corporate Services Group Inc., which is a separate corporate entity from VCI. *Id.*

*Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (upholding dismissal for lack of personal jurisdiction where defendant holding company had no presence or activity in the forum state nor control over its subsidiary).  In this case, VCI itself has no employees in Texas, whether at the Irving location or anywhere else.  Citing a press release that identifies an employee *from another company* as present in Texas is insufficient to prove otherwise.

### III.    EXERCISING JURISDICTION OVER VCI IN TEXAS WOULD BE NEITHER FAIR NOR REASONABLE

Given the absence of jurisdiction over VCI in Texas, the Court need not consider whether the exercise of jurisdiction comports with traditional principles of fair play and substantial justice.[3]  *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).  But there is nothing fair or reasonable about haling VCI—a Delaware corporation, headquartered in New York, with no minimum contacts in Texas—into the Eastern District of Texas to confront a lawsuit brought by Yellowone, an English Wales corporation that is headquartered in Switzerland.

Yellowone resists this conclusion by arguing that if it "had to pursue" VCI "in another forum, that would result in inefficient, piecemeal litigation" because VCI's co-defendant has "already filed an answer" in this case. Opp. at 5.  Whether personal jurisdiction exists over some other separate corporate defendant that Yellowone has also sued, however, has nothing to do with whether jurisdiction can be exercised properly over VCI.  Similarly beside the point is Yellowone's assertion that litigating in Texas "would not be inconvenient" for VCI because it is a "large corporation." *Id.*  This argument proves too much:  personal jurisdiction is a question of minimum contacts and fundamental fairness, not corporate size.  In any event, Yellowone can

---

[3] Contrary to Yellowone's suggestion (Opp. at 5), VCI has no "burden to prove that the exercise of jurisdiction would be constitutionally unreasonable."  Yellowone bears the contrary burden, because it has failed to establish that the exercise of jurisdiction would be constitutional in the first place.  *See*, *e.g.*, *Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 651 (N.D. Tex. 2000) ("Only if the non-resident defendant purposefully establishes minimum contacts with the forum state does the court consider whether maintenance of the suit comports with traditional notions of fair play and substantial justice.").

hardly claim that, as a company incorporated in Wales and headquartered in Switzerland, it has any overriding interest in obtaining "convenient and effective" relief against VCI from a Texas court. Thus, while Yellowone contends that "no other forum" has "a significant interest in adjudicating this action," it nowhere explains why Texas would have a greater interest than any other given that (a) neither Yellowone nor VCI resides in this State, and (b) "[F]ederal Circuit law will apply to the substantive issues, regardless of the forum state." Opp. at 5. There would be nothing fair or reasonable about haling VCI into a Texas court to defend this lawsuit.

**IV.    CASE AFTER CASE HAS FOUND JURISDICTION LACKING**

The caselaw confirms what the above-analysis proves—VCI lacks a sufficient nexus to Texas to sustain jurisdiction. As VCI demonstrated in its Motion (pp. 6-7), court after court has already considered this precise issue. And court after court has held personal jurisdiction over VCI to be lacking. While Yellowone urges that those cases are somehow "irrelevant," they are in fact dispositive. For example, in dismissing the claims against VCI in *Phonetel Communications, Inc. v. U.S. Robotics Corp.*, No. 4:00-CV-1750-R, 2001 U.S. Dist. LEXIS 7233 (N.D. Tex. June 1, 2001), the court relied in part on an affidavit submitted by VCI that was substantively the same as the affidavit VCI submitted with its Motion in this case. Based on the affidavit and Federal Circuit law, the court concluded that VCI's "contacts with Texas are lacking in quantity and quality to justify personal jurisdiction . . . ." *Id.* at *17. The same is true here.

Yellowone is correct that none of the numerous opinions cited by VCI in its Motion "referred to a specific allegation of patent infringement committed by Verizon Communications [sic] arising from its activities with regard to the www.superpages.com web site." Opp. at 7. But those cases recognized what Yellowone overlooks—that VCI does not do business or sell

products anywhere; it does no more than hold stock in other companies. The existence of a vague and unexplained reference to "Verizon Communications"—not VCI—in a third-party website cannot alter that fact, which has been recognized and accepted by court after court. Yellowone thus has not (as it supposes) found evidence of Texas activities by VCI that every other court has overlooked. Rather, it has (unlike them) chosen to misinterpret an Internet reference to *another* Verizon company or companies as a reference to VCI.[4] Yellowone's apparent unwillingness to distinguish between operating companies and the holding company parent cannot form the basis of this Court's jurisdiction.

## CONCLUSION

Yellowone cannot establish personal jurisdiction over VCI in the Eastern District of Texas. As a result, its claims against VCI must be dismissed.

---

[4] Yellowone's attempt to blunt the force of VCI's voluntary dismissals in this Court is similarly unpersuasive. *See* Opp. at 7. Yellowone's sheer speculation about *why* those cases were dismissed cannot obscure the pertinent fact that they *were* dismissed in this Court.

Dated: March 8, 2007                                                    Respectfully submitted,

                                                           BAKER BOTTS L.L.P.

*/s/* Timothy S. Durst
Bryant C. Boren, Jr., Lead Attorney
State Bar No. 02664100
Email: bryant.c.boren@bakerbotts.com
Timothy S. Durst
State Bar No. 00786924
Email: tim.durst@bakerbotts.com
Chris Kennerly
State Bar No. 00795077
Email: chris.kennerly@bakerbotts.com
Allyson N. Ho
State Bar No. 24033667
Email: allyson.ho@bakerbotts.com
2001 Ross Avenue, Suite 700
Dallas, Texas 75201-2980
214.953.6500 – Voice
214.953.6503 – Facsimile


ATTORNEYS FOR VERIZON
COMMUNICATIONS INC.

**CERTIFICATE OF SERVICE**

     The undersigned certifies that on March 8, 2007, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This Reply was served on all counsel either by electronic filing or by hand delivery and/or email.

                                                      */s/* Timothy S. Durst
                                                      Timothy S. Durst