UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| YELLOWONE INVESTMENTS, an English Wales corporation,<br>    Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., a Delaware corporation, IDEARC INFORMATION SERVICES, INC. a Delaware corporation<br><br>    Defendants. | Case No. 2-06-CV-475 TJW<br>Hon. T. John Ward |

**YELLOWONE INVESTMENTS SUR-REPLY TO
VERIZON COMMUNICATIONS INC'S REPLY RE ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Yellowone adequately plead the facts sufficient to establish personal jurisdiction over Verizon Communications in this state and has supported these allegations with reliable evidence linking Verizon Communications to the www.superpages.com web site that is at issue here. Yellowone has also submitted additional evidence supporting the assertion of jurisdiction over Verizon Communications.

While Verizon Communications may dispute some of this evidence, such disputes must be resolved in Yellowone's favor, and the Court should deny this Motion. However, if the Court is inclined to consider Verizon Communications' controverted evidence, Yellowone respectfully requests that it be permitted to engage in jurisdictional discovery relating to this Motion.

I. **EVIDENCE FROM THE WHOIS WEB SITE IS UNDISPUTED AND RELIABLE**

Verizon Communications does not deny that publicly available information from WHOIS.net identifies Verizon Communications as the Technical Contact for the www.superpages.com web site. This uncontroverted evidence, which demonstrates a link between Verizon Communications and the web site accused of infringement, supports Yellowone's assertion of personal jurisdiction over Verizon Communications.

Verizon Communications does not contest the accuracy or the authenticity of the information from the WHOIS.net web site. Instead, Verizon Communications merely suggests that the WHOIS evidence is inadmissible hearsay. However, other courts have regularly relied upon this evidence as the source for information on domain name registrants. As explained in *Register.Com v. Verio, Inc.*, 356 F.3d 393, 395 (2d Cir. 2004), the Internet domain name system is administered by the Internet Corporation for Assigned Names and Numbers ("ICANN"), a non-profit public benefit corporation established by agencies of the United States government. ICANN in turn appoints registrars with the authority to issue domain names. *Id.* Applicants who

apply for such domain names must submit contact information – referred to as WHOIS information – that the registrants are required to update and make available to the public. *Id.* Other courts have cited such WHOIS information as the source for information on domain name registrants. *See, e.g., McMann v. Doe*, 460 F. Supp. 2d 259, 262 (D. Mass. 2006).

Unable to dispute the accuracy of the WHOIS information or raise a legitimate evidentiary objection, Verizon Communications resorts to speculation. It cannot deny that the WHOIS.net data identifies Verizon Communications as the Technical Contact for the www.superpages.com web site, so it makes the conclusory assertion that it must be a different entity. However, neither the reply brief nor Ms. Schapker's declaration identify who this "other" Verizon Communications entity could possibly be. Similarly, while Verizon Communications argues that other entities are licensed to use the mark "Verizon," it identifies no other entity licensed to use "Verizon Communications." Its inability to identify the other entity that operates as the Technical Contact for the www.superpages.com web site eviscerates its assertion that the evidence submitted by Yellowone somehow refers to another entity.

## II. THE DISPUTED FACTS REGARDING VERIZON COMMUNICATIONS' ACTIVITIES IN TEXAS MUST BE RESOLVED IN FAVOR OF YELLOWONE

Verizon Communications also argues for dismissal by disputing some of the evidence presented by Yellowone. For this Motion, such disputes must be resolved in Yellowone's favor. *See Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

For example, Verizon Communications initially proclaimed that it does not maintain a place of business in Texas, makes no goods in Texas, provides no services in Texas, and directs

none of its activities at residents of Texas. (Feb. 9, 2007 Schapker Decl. (Docket 8) at ¶ 10.)[1] Yellowone disputed those facts by submitting both the WHOIS information (discussed above) and a press release from www.verizon.com referencing an employee of Verizon Communications (Bill Kula) with a cell phone number in the Dallas metropolitan area.  While Verizon Communications attempts to challenge the evidence regarding Mr. Kula in its reply, that challenge does not support dismissal, but rather demonstrates that the parties have a dispute.

Verizon Communications' opening papers additionally proclaimed that it "observes all corporate formalities" and remains separate and distinct from other Verizon entities.  (*Id.* at ¶ 9.) Now, after Yellowone has shown that the entity "Verizon Communications" appears in domain registration data for the www.superpages.com web site and in a press release from the www.verizon.com web site, Verizon Communications has now backed away from its position regarding corporate formalities and now suggests "any one of a number of operating companies" could be referred to on the WHOIS website.  (March 8, 2007 Suppl. Schapker Decl. (Docket 12-2) at ¶ 4; *see also* Reply at 3 ("the umbrella term "Verizon Communications" can refer to any of a number of the communications companies in which Verizon Communications Inc. holds stock").) Verizon Communications' change in position regarding its adherence to corporate formalities suggests that it is not separate and distinct from other entities and provides additional disputed evidence that should be resolved in Yellowone's favor.  Accordingly, the reference to "Verizon Communications" as the Technical Contact for the www.superpages.com web site provides additional evidence to support the assertion of jurisdiction here.

---

[1] Notably, in its Reply, Verizon Communications continues to argue that it sells no products in Texas, but is now silent on whether it provides services within this state. *See e.g.* Docket 12-1 at 1.

### III. VERIZON COMMUNICATIONS' OTHER ARGUMENTS ARE INSUFFICIENT

Verizon Communications has not met its burden on this motion, and its continual citations to past decisions and voluntary dismissals are irrelevant to the issue of jurisdiction here.

**A.    It Has Not Shown That Exercise Of Jurisdiction Would Be Unfair Or Unreasonable**

In view of Yellowone's jurisdictional evidence, Verizon Communications has the burden to show that the exercise of jurisdiction would be constitutionally unreasonable. *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378-1379 (Fed. Cir. 1998). Because Verizon Communications has failed to come forth with any evidence to meet this burden, its request for dismissal is deficient.

**B.    Prior Decisions And Involuntary Dismissals Are Irrelevant To This Analysis**

Verizon Communications' continual citation to prior decisions is irrelevant because specific jurisdiction is decided on a case-by-case basis that depends upon the events giving rise to the dispute. *3D Sys.*, 160 F.3d at 1378 (explaining that the analysis of specific jurisdiction includes an examination of whether the claim arises out of or relates to the defendant's activities in the forum state). The parties agree that none of the decisions cited by Verizon Communications involve the specific allegations of patent infringement regarding the www.superpages.com web site that are at issue here. Accordingly, none of those prior decisions govern the issue of whether this Court has jurisdiction over Verizon Communications here.

The voluntary dismissals cited by Verizon Communications are also irrelevant because they contain no substantive analysis of the jurisdictional question that this Court must decide.

### IV. IF THE COURT CONSIDERS VERIZON COMMUNICATIONS' EVIDENCE, IT SHOULD PERMIT JURISDICTIONAL DISCOVERY

Yellowone's pleadings and supporting evidence demonstrate a sufficient basis for the

exercise of personal jurisdiction over Verizon Communications, and any dispute over jurisdictional facts should be resolved in Yellowone's favor. *Alpine View*, 205 F.3d at 215. If the Court is inclined to consider dismissal of Verizon Communications, Yellowone respectfully requests the opportunity to conduct jurisdictional discovery by deposing Ms. Schapker and conducting a 30(b)(6) deposition of Verizon Communications with regard to the www.superpages.com web site.

## V. CONCLUSION

Because the evidence demonstrates that Verizon Communications is the Technical Contact for the www.superpages.com web site, Yellowone has met its burden to establish personal jurisdiction, and this Court should deny Verizon Communications' Motion. In the alternative, this Court should permit jurisdictional discovery into the issue of Verizon Communications' involvement with the www.superpages.com web site.

Date: March 19, 2007

Respectfully Submitted

By: */s/ Michael K. Friedland*
      Michael K. Friedland
Michael K. Friedland (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404 / Facsimile: (949) 760-8502
mfriedland@kmob.com

Melvin R. Wilcox (Lead Attorney)
State Bar No. 21454800
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane,
P.O. Box 3343
Longview, TX 75606
Telephone: (903) 232-1892 / Facsimile: (903) 232-1881
mrw@smeadlaw.com

Attorneys for Plaintiff, YELLOWONE INVESTMENTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this **YELLOWONE INVESTMENTS SUR-REPLY TO VERIZON COMMUNICATIONS INC'S REPLY RE ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 19, 2007.

/s/ *Michael K. Friedland*
Michael K. Friedland

3545372
031607