# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| YELLOWONE INVESTMENTS, an English Wales corporation,<br>         Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., a Delaware corporation, IDEARC INFORMATION SERVICES, INC. a Delaware corporation<br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 2-06-CV-475 TJW

Hon. T. John Ward

## MOTION FOR LEAVE TO SUPPLEMENT THE RECORD REGARDING VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS

Plaintiff Yellowone Investments ("Yellowone") respectfully requests leave to supplement the record regarding the motion to dismiss (Docket 8) filed by Defendant Verizon Communications Inc. ("Verizon Communications"). This Motion is supported by the declaration of Sheila N. Swaroop, a proposed order, and the proposed supplemental materials that are provided as an attachment to this Motion.

In particular, Yellowone wishes to provide the Court with filings from *Verizon Services Corp., et al. v. Vonage Holdings Corp.*, et. al, CV 06-CV-0682, a patent infringement action in the United States District Court for the Eastern District of Virginia. In that action, Verizon Communications successfully moved the Court for leave to amend to add itself as a plaintiff to that case. In its Motion to include itself as a plaintiff in that lawsuit, Verizon Communications stated that it owned and reported the profits from all of its operating subsidiaries, noted that both parties to that action had treated the Verizon companies as one entity throughout the litigation,

-1-

Dockets.Justia.co

and pointed out that both parties' damages analysis had treated Verizon as one economic entity. *See* Verizon's Memo. in Support of Motion for Leave to Amend Complaint to Add Verizon Communications, Inc. as a Plaintiff at 8 ("[E]ach side's damages analyses in this case have treated Verizon as one economic entity—both as to lost profits and a reasonable royalty, and even as to the appropriateness of an injunction in this case.  Both damages experts, for example, have used Verizon Communications' financial disclosures in calculating the correct measure of damages in this case."); Reply Brief in Support of Verizon's Motion for Leave to Amend Complaint to Add Verizon Communications, Inc. as a Plaintiff at 1 (referring to "the entire Verizon entity's profits"); *id.* at 5 (arguing that "add[ing] Verizon's parent company" would "align the pleadings with the financial and economic reality of this case."); *id.* at 8 ("*[B]oth* parties' damages experts treated the Verizon corporate family as a *single economic entity*, . . . utilizing the financial reporting of the parent company in their calculations.  In fact, no other company in the Verizon family does any reporting.  Verizon's SEC filings, as well as other financial documents produced in discovery, establish that Verizon Communications owns and reports the profits of its operating subsidiaries. . . ." (emphasis in original)); *id.* at 11 ("Verizon's expert Professor Shavell, in laying out the basis for the injunction request, based his analysis on harm to the entire Verizon business.")

Counsel for Yellowone did not learn of these filings until April 24, 2007, when the file from the United States District Court for the Eastern District of Virginia became available for copying by Yellowone's courier service.  Swaroop Decl., ¶ 4.  Yellowone reviewed these materials and contacted Verizon Communications on April 26, 2007 to determine whether Verizon Communications would agree to a joint motion to supplement the record.  *Id.*

Counsel for Verizon Communications indicated on May 1, 2007 that it would oppose this Motion "because the materials from the Vonage case are not material to the personal jurisdiction issues pending before the Court."  Swaroop Decl., Ex. B.

Yellowone disagrees with Verizon Communications' position and believes that there is good cause to grant this motion.   Specifically, Yellowone believes that the positions taken by Verizon Communications in the action against Vonage are relevant to the jurisdictional issue here, because they directly contradict the assertions in the Schapker declarations that Verizon Communications is merely an owner of stock and Verizon Communications strictly observes all corporate formalities.   Indeed, the filings from the Vonage case demonstrate that Verizon Communications has represented that, in "financial and economic reality," Verizon is a "single economic entity."

Because the filings from the Vonage matter are inconsistent with Verizon Communications' arguments here, Yellowone believes there is good cause to supplement the record.   The information from the Vonage case demonstrates that there are additional disputes over the jurisdictional facts with respect to Verizon Communications, and such disputes must be resolved in Yellowone's favor.  *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).   Accordingly, Yellowone respectfully requests that the Court grant this Motion and consider the supplemental materials provided herewith, and deny Verizon Communications' Motion to Dismiss.

Respectfully Submitted

Date:  May 2, 2007                          By:  */s/ Michael K. Friedland*_____
                                                            Michael K. Friedland

                                                 Paul A. Stewart (*Pro Hac Vice*)
                                                 Michael K. Friedland (*Pro Hac Vice*)

Sheila N. Swaroop (*Pro Hac Vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-8502
pstewart@kmob.com
mfriedland@kmob.com

Melvin R. Wilcox (Lead Attorney)
State Bar No. 21454800
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane,
P.O. Box 3343
Longview, TX 75606
Telephone: (903) 232-1892
Facsimile: (903) 232-1881
mrw@smeadlaw.com

Attorneys for Plaintiff,
YELLOWONE INVESTMENTS

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff Yellowone Investments has conferred with counsel for Defendant Verizon Communications, Inc. in a good faith attempt to resolve the matter without court intervention. However, Defendant opposes this motion.

*/s/ Michael K. Friedland*
Michael K. Friedland

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this **MOTION FOR LEAVE TO SUPPLEMENT THE RECORD REGARDING VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 2, 2007.

*/s/ Michael K. Friedland*
Michael K. Friedland

3713135
050107