IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| YELLOWONE INVESTMENTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 2-06-CV-475 (TJW) |
| | § | |
| VERIZON COMMUNICATIONS, INC., and | § | JURY DEMANDED |
| IDEARC INFORMATION SERVICES, INC. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT VERIZON COMMUNICATIONS INC.'S RESPONSE IN OPPOSITION
TO YELLOWONE'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD
REGARDING VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS**

Defendant Verizon Communications Inc. (incorrectly named in the complaint as Verizon Communications, Inc.) ("VCI") files this Response in Opposition to Yellowone's Motion for Leave to Supplement the Record Regarding Verizon's Motion to Dismiss.

**INTRODUCTION**

Yellowone's Motion should be denied because nothing in it has any bearing on the sole issue before this Court: Whether VCI has sufficient minimum contacts with Texas such that the maintenance of this lawsuit does not offend "traditional notions of fair play and substantial justice," *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). If anything, Yellowone's attempt to rely on pleadings in a *Virginia* lawsuit—in which VCI is now a *plaintiff*—only highlights the lack of minimum contacts with *Texas* and demonstrates that VCI's motion to dismiss for lack of personal jurisdiction should be granted.

**ARGUMENT**

Yellowone principally contends that assertions made in pleadings by two VCI

1

subsidiaries in a *Virginia* patent-infringement case are somehow relevant to establishing personal jurisdiction over VCI for purposes of this *Texas* lawsuit.  In support, Yellowone points to statements in the Virginia pleading that, Yellowone says, "directly contradict the assertions in the Schapker declarations that [VCI] is merely an owner of stock and [VCI] strictly observes all corporate formalities."  Mot. for Leave to Supp. at 3.  That is simply not the case.

In the Virginia lawsuit, two VCI subsidiaries (neither of which is a party in the instant case) sought to amend their complaint to add VCI as a plaintiff, on the ground that a recent assignment by the subsidiaries *to VCI* of an undivided joint ownership in the patents-in-suit in that case required that VCI be joined as a plaintiff, *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) ("United States patent law . . . requires that all co-owners normally must join as plaintiffs in an infringement suit.").  Contrary to Yellowone's suggestion, the assignment to VCI of joint ownership in patents unrelated to this Texas case (and the subsequent addition of VCI as a plaintiff in the Virginia lawsuit) does absolutely nothing to establish personal jurisdiction over VCI in Texas.

In the first place, both the patent assignment and the Virginia pleadings post-date the filing of Yellowone's complaint in this action by nearly two months.[1]  This Court, however, cannot find personal jurisdiction based on acts that occurred *after* the complaint was filed.  *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 n.1 (5th Cir. 1990) (stating that the "relevant time for determining jurisdiction is the filing of the complaint"); *see also* 4 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1051, at 160-62 (1987) (same).  For that reason alone, the Virginia pleading and the statements therein are irrelevant to the jurisdictional issue at hand, and thus cannot possibly "contradict" VCI's jurisdictional averments with respect to *this*

---

[1]  Yellowone filed its Complaint in this Court on November 15, 2006.  The patent assignment to VCI was not executed and the pleadings in the Virginia court not filed until January 5, 2007.

Texas lawsuit.

Even taken at face value, the Virginia pleadings do nothing to establish personal jurisdiction over VCI in this lawsuit.  Yellowone attempts to manufacture jurisdiction over VCI in Texas by stringing together statements and exhibits in the Virginia pleading—in particular, a consolidated SEC 10-K filing by VCI—as "evidence" that "in financial and economic reality," VCI and its subsidiaries are "a single economic entity."  Mot. for Leave to Supp. at 3.  Not so.

The case law is clear that as to "alter ego" status, a consolidated financial statement filed with the SEC is probative of "nothing more than compliance with an SEC requirement."  *In re Roscoe Investors, LP*, No. 95-16891DAS, 1996 WL 107503, *9 (Bkrtcy E.D. Pa. Mar. 6, 1996); *see also Epps v. Stewart Information Services Corp.*, 327 F.3d 642 (8th Cir. 2003) (inclusion of wholly owned subsidiary's assets and liabilities in parent's SEC 10-K filing was "insufficient to prove" that parent "directly does business" in forum state and thus could not support personal jurisdiction).  "The Internal Revenue Service, SEC, and generally accepted accounting principles, all allow parent companies to consolidate their financial activities with that of subsidiary companies in their annual reports."  *Corporate Safe Specialists, Inc. v. Tidel Technologies, Inc.*, No. 05C3421, 2005 WL 1705826, *5 (N.D. Ill. July 15, 2005); *see also Lowell Staats Min. Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1264 (10th Cir. 1989) (same).  Indeed, consolidated 10-K forms are simply "'normal feature[s] of parent-subsidiary relationships.'"  *Id.*  (quoting *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Ca. 1995) ("[C]onsolidating the activities of a subsidiary into the parent's annual reports is a common business practice.")).  The consolidated 10-K forms thus do nothing to contradict VCI's sworn affidavit that it observes all corporate formalities.  *See* Motion to Dismiss at 4 (citing Schapker Dec. at ¶ 9).

Likewise, the fact that VCI and its subsidiaries may have been considered "a single economic entity" for damages purposes in the Virginia litigation has nothing to do with whether VCI is subject to personal jurisdiction in Texas in this lawsuit. Unlike in the Virginia case, Yellowone does not, and cannot, allege that VCI has any ownership rights in the patents-in-issue here. Moreover, the particularities of damages law related to patent plaintiffs do not apply to the other side of the docket. *Cf. Union Carbide Chemicals & Plastics Technology v Shell Oil Co.*, 424 F.3d 1366, 1377-78 (Fed. Cir. 2005) (holding that for purposes of the "hypothetical negotiation" used to calculate a reasonable royalty, the lost profits of both the parent and its subsidiaries should be considered). Accordingly, the Virginia litigation simply has no relevance to the personal-jurisdiction issue presented in the instant case.

In the end, nothing in the Virginia pleadings can alter the conclusion that VCI does not have sufficient minimum contacts *with Texas* to support the exercise of personal jurisdiction over it in this Court. Yellowone's attempt to supplement the record is thus an exercise in futility and should be rejected. As VCI established in its Motion to Dismiss (pp. 5-7), VCI simply does not have sufficient minimum contacts with Texas to satisfy due process. VCI conducts no activities in Texas and directs nothing toward Texas residents; VCI does no business in Texas; it has no assets, employees, or agents in Texas; it does not maintain a place of business in Texas; it is not licensed to do business in Texas; and it has nothing to do with the superpages website alleged to infringe upon the patents-in-issue. (Motion to Dismiss at 2, 4 (citing Schapker Dec. at ¶¶ 7-10)). Nothing in Yellowone's "supplemental materials" comes close to challenging these fundamental jurisdictional facts. For all these reasons, Yellowone's Motion to Supplement should be denied and VCI's Motion to Dismiss should be granted.

Dated: May 18, 2007                                Respectfully submitted,

                                                   BAKER BOTTS L.L.P.


                                                   /s/ Timothy S. Durst
                                                   Bryant C. Boren, Jr., Lead Attorney
                                                   State Bar No. 02664100
                                                   Email: bryant.c.boren@bakerbotts.com
                                                   Timothy S. Durst
                                                   State Bar No. 00786924
                                                   Email: tim.durst@bakerbotts.com
                                                   Chris Kennerly
                                                   State Bar No. 00795077
                                                   Email: chris.kennerly@bakerbotts.com
                                                   Allyson N. Ho
                                                   State Bar No. 24033667
                                                   Email: allyson.ho@bakerbotts.com
                                                   2001 Ross Avenue, Suite 700
                                                   Dallas, Texas 75201-2980
                                                   214.953.6500 – Voice
                                                   214.953.6503 – Facsimile


                                                   ATTORNEYS FOR VERIZON
                                                   COMMUNICATIONS INC.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on May 18, 2007, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This Reply was served on all counsel either by electronic filing or by hand delivery and/or email.

                                                                               */s/* Timothy S. Durst
                                                                               Timothy S. Durst