IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOMAS (INTERNATIONAL) LIMITED, GEOTAG MANAGEMENT GROUP LLC, and GEOMAS, INC. § § § § Plaintiffs, § § v. § § IDEARC MEDIA SERVICES-WEST INC. § § Defendant. § | CIVIL ACTION 2:06-CV-00475-CE |

# IDEARC'S MOTION FOR LEAVE
# TO SUPPLEMENT ITS INVALIDITY CONTENTIONS

Idearc Media Services-West, Inc. requests leave to supplement its Invalidity Contentions to reference recently discovered and produced, and highly relevant, prior art information. The requested supplementation relates to three prior art references to the '474 Patent. The first two references, the SuperPages and NYNEX references, were identified in Idearc's original contentions in August 2007. Idearc simply seeks to add document citations and a summary of the circumstances relating to prior invention, based on recently discovered documents. Idearc also seeks to add a reference to a Yahoo! system based upon documents Plaintiffs have only recently produced. Plaintiffs do not oppose Idearc's request for leave to add the Yahoo! reference.

Idearc has exercised diligence with respect to these supplementations, having produced the SuperPages and NYNEX documents within days of coming into possession of them. Moreover, supplementation will not prejudice Plaintiffs. Fact discovery is still ongoing, depositions of the third parties that possessed the documents have been (or shortly will be) taken, the deadline for summary judgment motions is still nearly a month

away, no expert reports have been served, and no expert discovery has been conducted. The supplementation refers to evidence that is important to Idearc's defenses in this case; these references should be considered by the Court and the jury, so that justice can be done. In short, good cause exists for the Court to grant leave under P.R. 3-6(b). The proposed supplemental exhibits to Idearc's invalidity contentions are attached to the Declaration of Christopher W. Kennerly in Support of Idearc's Motion for Leave to Supplement its Invalidity Contentions ("Kennerly Declaration") as Exhibits 1, 2, and 3.[1]

## I.   Governing Law

There is good cause for Idearc's proposed invalidity supplementation. U.S. DIST. CT. E.D. TEX. PATENT L.R. 3-6(b) (good cause standard). Courts in the Eastern District have traditionally considered four factors in determining if good cause exists: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Alcatel USA Resources, Inc. v. Microsoft Corp.*, Civ. No. 6:06-CV-500 (LED), slip op. at 3 (E.D. Tex. Oct. 3, 2008) (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). Diligence is not "the sole or primary factor to be considered in deciding" motions for leave. *Arbitron, Inc. v. Int'l Demographics Inc., et al.*, Civ. No.

---

[1] On August 22, 2007, Idearc served its original Invalidity Contentions, which contained Exhibits A-E. Idearc seeks leave to supplement Exhibits A, B, and E. Exhibit 1 includes three supplemental claim charts to Exhibit A — one chart for each reference that is supplemented (SuperPages, NYNEX, and Yahoo!). The proposed supplementations to Exhibit A for SuperPages and NYNEX merely add document citations showing specific examples of where each limitation of the asserted claims is found in the NYNEX and SuperPages Systems. The proposed supplementation to Yahoo!, for which leave is not opposed, adds the Yahoo! System as a prior art reference. Exhibit 2 includes a supplemental Exhibit B. Supplemental Exhibit B provides a comprehensive list of the anticipatory prior art references listed in Exhibit A. Supplementation of Exhibit B is being made only to reflect the supplementations to Exhibit A. Finally, Exhibit 3 includes a supplemental Exhibit E. Supplemental Exhibit E provides the full name, citation, and circumstances for the prior art references listed in Exhibit A. In addition, supplemental Exhibit E provides further detail relating to the circumstances surrounding the invention and development of the SuperPages and NYNEX Systems.

2:06-CV-434 (TJW), Memorandum Opinion and Order at 3 (E.D. Tex. Oct. 29, 2008). The lack of unfair prejudice also is a factor, and a court has discretion to find good cause based on such lack of prejudice. *Id.* (granting defendant's motion to amend its invalidity contentions based on importance and lack of prejudice).

Good cause exists to allow Idearc to supplement its invalidity contentions. Idearc acted diligently in providing the recently discovered material to Plaintiffs and in seeking leave to amend its invalidity contentions, a full consideration of the prior art is critical to a fair presentation of Idearc's defense in this case, and Plaintiffs will not suffer prejudice as a result of this supplementation.

## II.   Idearc Seeks Leave to Include Additional Information on Two Previously Disclosed References.

On August 22, 2007, as part of its initial Invalidity Contentions, Idearc timely served claim charts for the "SuperPages System" and "NYNEX System" references to the '474 Patent. Recently, third parties — former employees of Idearc's predecessor companies — for the first time located and provided documents to Idearc's counsel. Idearc promptly produced the materials to Plaintiffs and provided notice of its intent to rely upon the documents as part of Idearc's invalidity case. Additionally, in preparation for his deposition, an Idearc employee located publicly available information on the NYNEX System and provided that to Idearc's counsel, who then produced it to Plaintiffs on the same day.

Idearc seeks leave to include additional document citations and a summary of the circumstances relating to prior invention in the claim charts for the previously disclosed SuperPages and NYNEX references based on this recently discovered information. Idearc notified Plaintiffs more than a year ago, in its 2007 contentions, of the SuperPages

System and NYNEX System as invalidating the claims of the '474 Patent. Accordingly, Idearc believes the prior notice to Plaintiffs was sufficient and that this supplementation is not required to present the specific documents and circumstances to the Court and jury. Out of an abundance of caution, however, Idearc seeks leave to supplement.

      **A.**    **Additional Information from David Fay as to the Previously Disclosed SuperPages and NYNEX Systems**.

Idearc seeks leave to supplement its Invalidity Contentions for the SuperPages System and the NYNEX System with additional information recently produced by Mr. David Fay. Mr. Fay is a third party to this litigation. He is a former employee of one of Idearc's predecessors and has never been employed by Idearc. Mr. Fay was an initial developer of the SuperPages System in the early 1990s.

On August 20, 2007, Idearc requested that Mr. Fay search for and produce documents relating to the lawsuit. Kennerly Declaration, Exhibit 4, IDEARC 0896447-448. Despite Idearc's request, Mr. Fay did not provide any documents to Idearc. Kennerly Declaration, Exhibit 5, David Fay Depo. at 227:6-20 (Oct. 29, 2008). In fact, Mr. Fay testified that he promised to look for the documents but never did so:

> And I was busy at the time, and I promised to look, but I never really did anything. And I didn't actually go looking for documents until I got the subpoena.

*Id.* at 155:11-14; *also* 218:22-219:23. Mr. Fay further testified that because he was not an employee of Idearc, he did not feel an obligation to respond to a request from Idearc to search for and provide documents. *Id.* at 219:17-23. Based on his failure to provide any documents upon a direct request, Idearc mistakenly believed Mr. Fay had no related documents.

Over a year later, and just one month ago, on September 30, 2008, Plaintiffs served Mr. Fay with a subpoena requesting documents and his deposition. In response to the subpoena, on October 20, 2008, Mr. Fay provided counsel for Idearc with documents relating to the SuperPages and NYNEX Systems (the "Fay Documents"). Surprised, and recognizing the timing sensitivity of producing the documents, two days later, on October 22, 2008, Idearc produced the Fay Documents to Plaintiffs. Within two more days, on October 24, Idearc served proposed draft amended claim charts for the SuperPages and NYNEX Systems and notified Plaintiffs of its intention to supplement its Invalidity Contentions with certain of the Fay Documents. Plaintiff deposed Mr. Fay on October 29, 2008 and questioned Mr. Fay on the Fay Documents.

Now, two weeks after first receiving the Fay Documents, Idearc seeks leave to supplement its Invalidity Contentions with limited additional citations to the Fay Documents and a summary of the circumstances based on those documents. Specifically, Idearc seeks leave to add reference to seven Fay Documents:

- David Fay, *SuperPages II Research Proposal - Draft v. 1*, March 27, 1995. FAY 040726-28.

- David Fay, *Location Proposal*, April 28, 1995. FAY 000882-883.

- David Fay, *Scoping Proposal*, May 10, 1995. FAY 040741.

- Screenshot of SuperPages Prototype (1995). FAY 043804

- David Fay, et al., *GTE Laboratories Role in the Initial Internet Directory Development*, July 12, 1995. FAY 000289- 311.

- Email from David Fay re: NYNEX Interactive Yellow Pages, October 4, 1995. FAY 000231-32.

- NYNEX Interactive Yellow Pages Presentation, March 30, 1995. FAY 000024-60.

These seven documents are additional citations to the previously disclosed SuperPages and NYNEX Systems. The supplementation is highly relevant to Idearc's defenses and should be available for the jury to consider.[2] The documents relate to prior art systems that Idearc's predecessors developed and will greatly assist the fact-finder in assessing the validity of the patent-in-suit. The SuperPages and NYNEX Systems are stand-alone references that invalidate all asserted claims of the '474 Patent.[3]

Plaintiffs will suffer no prejudice as a result of this supplementation.[4] Plaintiffs have been aware of these two references for over a year, and they already have been the subject of ample discovery in this case. Plaintiffs have taken the deposition of Mr. Fay concerning these two references and this additional information. Fact discovery remains ongoing, summary judgment motions are not yet due, expert reports have not been served, and no expert discovery has been conducted. No delay or prejudice will result from the requested supplementation.

---

[2] As a general principle, courts employ "great caution" before excluding "evidence that one party believes is highly relevant to its claim or defense." *Intergraph Corp. v. Intel Corp.*, No. 2:01-CV-160 (TJW), slip op. at 3 (E.D. Tex. June 18, 2002); *see also Brady v. Fort Bend County*, 145 F.3d 691, 715 (5th Cir. 1998) ("In determining whether evidence is properly excludable under Rule 403, district courts must be cognizant of the fact that, because Rule 403 operates to exclude relevant evidence, application of the rule 'must be cautious and sparing.'" (quoting *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993))). The supplemental disclosures satisfy this test and should be available for the fact finder to consider in this case to ensure that its verdict is based on all the relevant evidence.

[3] Allowing Idearc to supplement its Invalidity Contentions with this additional information concerning the SuperPages and NYNEX Systems serves a strong public interest in eliminating invalid patents. *Nestier Corp. v. Meanasha Corp. - Lewisystems Div.*, 739 F.2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the elimination of invalid patents that in the affirmation of a patent as valid."). Moreover, references that potentially render the patent invalid shift the importance factor in favor of allowing the supplementation. *See Alcatel USA Resources, Inc. v. Microsoft Corp.*, Civ. No. 6:06-CV-500, slip op. at 5 (E.D. Tex. Oct. 3, 2008).

[4] Plaintiffs have known since Idearc's August 2007 initial invalidity contentions that Idearc believes its predecessor companies' SuperPages and NYNEX Systems invalidated the '474 Patent under 35 U.S.C. § 102, including § 102(g). Allowing Idearc to supplement with respect to the SuperPages System and NYNEX System will not unfairly prejudice Plaintiffs, since "[s]howing that the patented system was invented before the accused system is the graveman [of a plaintiff's] case." *Finisar Corp. v. DirecTV Group, Inc.* 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) (denying in part and granting in part a plaintiff's motion to strike prior art references in expert reports and final invalidity contentions).

### B. Additional Information from Deverix Horn as to the Previously Disclosed SuperPages and NYNEX Systems.

Idearc also has good cause to supplement its Invalidity Contentions for the SuperPages System and NYNEX System with additional information recently produced by Mr. Deverix Horn. Mr. Horn is a former employee of GTE, a predecessor entity to Idearc. He is a third party to this litigation. Mr. Horn left the employment of GTE in 1999, seven years before the current suit was filed, and he never worked for Idearc. Since 1999, he has not been employed by Idearc or any of its predecessors.

In January 2006, an employee of Verizon, a predecessor to Idearc, contacted Mr. Horn to determine whether he had any materials relating to SuperPages for possible use in celebrating the ten-year anniversary of SuperPages. Mr. Horn provided Verizon a DVD entitled, "A Quick Tour of SuperPages" (the "SuperPages DVD"), which he had kept in his personal files. Idearc produced the SuperPages DVD in August 2007 and relied on it as the basis of its initial claim chart for the SuperPages System. Mr. Horn did not provide any documents relating to SuperPages in 2006, and Idearc and its counsel believed that he did not have any relevant documents.

Shortly before depositions began in this case, in late September 2008, counsel for Idearc discovered for the first time that Mr. Horn had extensive involvement with SuperPages prior to its 1996 launch. Upon learning that new information, counsel for Idearc promptly contacted Mr. Horn, and Mr. Horn informed counsel that he thought he may have some personal files relating to SuperPages. Mr. Horn produced those documents to Idearc's counsel, who then produced the documents to counsel for Plaintiffs on October 10, 2008. Just two weeks later, on October 24, 2008, Idearc served proposed draft amended claim charts for the SuperPages and NYNEX Systems and

notified Plaintiffs of its intention to supplement its Invalidity Contentions with certain of the Horn Documents. Idearc seeks leave to add citations to four Horn Documents:

- GTE Directories, *Summary: New Interactive business directories on World Wide Web offer powerful tool for both consumers and businesses.*, April 29, 1996. IDEARC 1796556-59.

- GTE Directories, *GTE SuperPages$^{sm}$ Interactive Directory Service (http://superpages.GTE.net).* IDEARC 1796561.

- GTE Superpages, *Soon, your company will rely on the Internet . . . As much as it relies on these.* IDEARC 1796624-36.

- NYNEX Interactive Yellow Pages Promotional Materials, IDEARC 1794649-60.

The additional citations to the Horn Documents relate to the previously disclosed SuperPages and NYNEX Systems. The citations and resulting description of the circumstances are highly relevant to Idearc's defenses and should be available for the jury to consider.[5]  Again, this supplementation goes to Idearc's defense that its predecessors developed the prior art systems before the invention claimed in the '474 Patent. The SuperPages and NYNEX Systems are stand-alone references that will invalidate all of the asserted claims of the '474 Patent, and the references have been known to Plaintiffs for more than a year.

Plaintiffs will suffer no prejudice as a result of this supplementation. Plaintiffs have been aware of these two references for over a year, and they have been and will be the subject of ample discovery in this case. Indeed, Plaintiffs are scheduled to take Mr. Horn's deposition November 24, 2008, at which time he can be examined about the references and his documents. In short, Plaintiffs have had a full opportunity to take

---

[5] *Intergraph Corp.*, No. 2:01-CV-160 (TJW), slip op. at 3; *also Brady*, 145 F.3d at 715.

discovery on these materials, and no prejudice will result from adding these citations to the invalidity contentions.

### C.   Additional Information on the Previously-Disclosed NYNEX System.

Idearc has good cause to supplement its Invalidity Contentions for the NYNEX System with additional information recently identified by Mr. Mike Snow. In the summer of 2007, Mr. Snow — one of the few remaining employees at Idearc having knowledge of the NYNEX System — searched for documents concerning the NYNEX System. Kennerly Declaration, Exhibit 6, Mike Snow Depo. at 173:14-174:5 (Oct. 17, 2008). At that time, Mr. Snow was unaware of any additional documents. *See id.*

In October 2008, while preparing for his deposition, Mr. Snow found on the Internet additional publicly available documents related to the development of the NYNEX System (the "Snow Documents"). *Id.* at 58:2-59:16; 96: 4-24. Mr. Snow did not have these documents in his possession until October 2008. *Id.* at 59:6-16. Mr. Snow provided these documents to counsel for Idearc on October 16, 2008, who then produced them to Plaintiffs that same day. *Id.* at 58:2-25. On October 24, 2008, Idearc served proposed draft amended claim charts for the NYNEX System and notified Plaintiffs of its intention to supplement its Invalidity Contentions with certain of the Snow Documents. Less than three weeks after receiving the Snow Documents, Idearc now seeks leave to supplement its Invalidity Contentions with three of the Snow Documents:

- BusinessWeek Now, *Your Fingers Can Do the Walking at a Keyboard,* March 2, 1992, edited by Paul M. Eng.  IDEARC 1906809.

- The New York Times, *Taking In the Sites; Fast-Scrolling Yellow Pages*, October 23, 1995.  IDEARC 1906831-32.

- DATABASE Magazine, *Internet Ready Reference Resources*, 1996. IDEARC 1906839-43.

The additional citations to the Snow Documents regarding the NYNEX System are highly relevant to Idearc's defenses and should be available for the jury to consider.[6] The citations add additional detail about the operation of the NYNEX system, which was in operation well before the asserted date of conception of the invention in the '474 patent. The NYNEX System is a stand-alone reference that will invalidate all of the asserted claims of the '474 Patent.

Plaintiffs will suffer no prejudice as a result of this supplementation. Plaintiffs have been aware of the NYNEX reference for over a year, and it has been and will be the subject of ample discovery in this case. On October 17, 2008, Plaintiffs took the deposition of Mr. Snow concerning the NYNEX System. In short, Plaintiffs have had a full opportunity to take discovery on these materials and no prejudice will result.

### III. Idearc Seeks an Unopposed Leave to Include Additional Information as to One New Reference Under P.R. 3-6(b), which was Recently Revealed by Plaintiffs.

Idearc has good cause to supplement its Invalidity Contentions with the Yahoo! System, and Plaintiffs do not oppose such supplementation. The supplementation is based on information that Plaintiffs only recently produced. In January 2008, Plaintiffs produced two pages of a 1995 reference entitled, "Yahoo! Unplugged, Your Discovery Guide to the Web."[7] As a result of the incomplete production by Plaintiffs, Idearc was unable to ascertain the significance of this reference. On October 1, 2008, however, Plaintiffs produced the remainder of the Yahoo! Unplugged reference and a copy of the accompanying CD. After evaluating the contents of the Yahoo! Unplugged reference and

---

[6] *Intergraph Corp.*, No. 2:01-CV-160 (TJW), slip op. at 3; *also Brady*, 145 F.3d at 715.

[7] Plaintiffs only produced copies of the front and back cover, pages including the copyright information, and a photocopy of the CD that accompanies the reference. Plaintiffs did not produce the remainder of the reference or the accompanying CD for over nine months.

the accompanying CD, Idearc determined that the Yahoo! System is highly relevant to Idearc's defenses and should be available for the jury to consider.[8] The Yahoo! System is a stand-alone reference that will invalidate all asserted claims of the '474 Patent.

On October 24, 2008, Idearc served a proposed draft claim chart for the Yahoo! System and notified Plaintiffs of its intention to supplement its Invalidity Contentions with certain information regarding the Yahoo! System.  Less than five weeks after receiving the complete Yahoo! Unplugged reference and the accompanying CD, Idearc now seeks leave to supplement its Invalidity Contentions with the Yahoo! System.

Plaintiffs will suffer no prejudice as a result of this supplementation and do not oppose the supplementation.  Accordingly, Idearc requests the Court's leave for such supplementation.

## IV.    Conclusion

Idearc seeks leave to add citations to the Fay Documents, the Horn Documents, and the Snow Documents and a summary of the circumstances of prior invention to its invalidity contentions.  This supplementation relates to prior art systems disclosed to Plaintiffs well over a year ago, in August 2007.  In addition, Idearc seeks an unopposed leave to add the Yahoo! System reference, for which complete documentation was only recently provided by Plaintiffs.  Despite its diligent efforts, Idearc could not reasonably have supplemented its invalidity contentions sooner.  The proposed supplementation is highly relevant and will not prejudice Plaintiffs.  Accordingly, Idearc asks the Court to grant its request for leave.

---

[8] *Intergraph Corp.*, No. 2:01-CV-160 (TJW), slip op. at 3; *also Brady*, 145 F.3d at 715.

Dated:  November 6, 2008                                   Respectfully submitted,

                                                                 BAKER BOTTS L.L.P.

|  |  |
|---|---|
|  | */s/ Timothy S. Durst* |
| Michael C. Smith | Timothy S. Durst |
| Siebman, Reynolds, Burg, Phillips & Smith, LLP | State Bar No. 00786924 |
| State Bar No. 18650410 | Email:  tim.durst@bakerbotts.com |
| Email:  michaelsmith@siebman.com | Christopher W. Kennerly |
| 713 South Washington Avenue | State Bar No. 00795077 |
| Marshall, Texas 75670 | Email:  chris.kennerly@bakerbotts.com |
| 903.938.8900 – Voice | Brian J. Gaffney |
| 972.767.4620 – Facsimile | State Bar No. 24032333 |
|  | Email:  brian.gaffney@bakerbotts.com |
|  | 2001 Ross Avenue, Suite 600 |
|  | Dallas, Texas 75201-2980 |
|  | 214.953.6500 – Voice |
|  | 214.953.6503 – Facsimile |
|  |  |
|  | ATTORNEYS FOR DEFENDANT |
|  | IDEARC MEDIA SERVICES-WEST INC. |

## CERTIFICATE OF CONFERENCE

I certify that on November 5, 2008, the telephone conference required by L.R. 7(h) was conducted. Counsel for Idearc – Timothy S. Durst, Susan Cannon, and local counsel Michael Smith – participated via telephone with counsel for Plaintiffs – Mark Nelson, Darin Deaver, Jennifer Bennett, Robert Gifford, and local counsel Christopher Bunt. Before the conference, counsel for Idearc provided counsel for Plaintiffs with drafts of this motion and the proposed supplemental invalidity contentions. While counsel for Plaintiffs agreed not to oppose the supplementation with respect to the Yahoo! reference, no agreement could be reached concerning the proposed supplementation with respect to the documents produced by Fay, Horn and Snow because Plaintiffs were unwilling to allow the proposed supplementation, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Timothy S. Durst*
Timothy S. Durst

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 6, 2008, the foregoing Motion was served on counsel of record either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A), if they have consented to electronic service, or (2) by electronic mail, if they have not so consented.

                                                                /s/ *Timothy S. Durst*
                                                                 Timothy S. Durst