IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOMAS (INTERNATIONAL) LIMITED, | § | |
| GEOTAG MANAGEMENT GROUP LLC, and | § | |
| GEOMAS, INC. | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION 2:06-CV-00475-CE |
| | § | |
| v. | § | |
| | § | |
| IDEARC MEDIA SERVICES-WEST INC. | § | |
| | § | |
| Defendant. | § | |

## IDEARC'S REPLY  IN SUPPORT OF ITS MOTION FOR
## LEAVE TO SUPPLEMENT ITS INVALIDITY CONTENTIONS

Michael C. Smith
State Bar No. 18650410
Email:  michaelsmith@siebman.com
SIEBMAN, REYNOLDS, BURG, PHILLIPS
  & SMITH, LLP
713 South Washington Avenue
Marshall, Texas 75670
903.938.8900 – Voice
972.767.4620 – Facsimile

Joe A. Garza, Jr.
State Bar No. 07731900
Email:  joe.garza@idearc.com
IDEARC MEDIA CORP.
2200 W. Airfield Drive
P.O. Box 619810
DFW Airport, TX  75261
972.453.7160 – Voice
972.453.6869 – Facsimile

Timothy S. Durst
State Bar No. 00786924
Email:  tim.durst@bakerbotts.com
Christopher W. Kennerly
State Bar No. 00795077
Email:  chris.kennerly@bakerbotts.com
Brian J. Gaffney
State Bar No. 24032333
Email:  brian.gaffney@bakerbotts.com
Jennifer Adams
State Bar No. 24036108
Email:  jennifer.adams@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
214.953.6500 – Voice
214.953.6503 – Facsimile

ATTORNEYS FOR DEFENDANT
IDEARC MEDIA SERVICES-WEST INC.

Geomas's response to Idearc's motion for leave to supplement invalidity contentions misstates the targeted nature of Idearc's proposed supplementation and, more importantly, does not show any prejudice that will come from the supplementation. The prior art in issue is highly relevant and will be material to the Court's and the jury's consideration of the validity of the '474 patent. Geomas cannot justify its request to keep this important evidence from the jury. Good cause — perhaps the best cause — exists for allowing the supplementation: so that justice may be done. Geomas's demand simply is not consistent with finding the truth in this case.

The majority of the response is directed to Idearc's diligence. Idearc acted diligently in procuring and disclosing the supplemental information, and has hidden nothing from Geomas. In all cases, Geomas has received the supplemental information within days of Idearc finding it. Geomas's myopic focus on when it received the information loses sight of the Court's directive that diligence is not "the sole or primary factor to be considered in deciding" motions for leave. *Arbitron, Inc. v. Int'l Demographics Inc., et al.*, Civ. No. 2:06-CV-434 (TJW), Memorandum Opinion and Order at 3 (E.D. Tex. Oct. 29, 2008). The Court has discretion to find good cause based on lack of prejudice, and Geomas has failed to show that they will suffer any prejudice by Idearc's proposed supplementation. *See id.* Geomas has deposed all three of the witnesses who produced the documents Idearc seeks to add to its contentions.[1] In

---

[1] When Mr. Fay made a voluminous production prior to his deposition, Idearc agreed to postpone the deposition by a few days to give Geomas more time to review the documents. All seven of the Fay documents that Idearc seeks to add to its contentions were marked as exhibits in Mr. Fay's deposition. Geomas had sufficient opportunity to question Mr. Fay on these documents and did so. Geomas had over a month to review Mr. Horn's documents before taking his deposition. And the eight pages of documents that Idearc seeks to add from Mr. Snow were also provided to Geomas in advance of Mr. Snow's deposition.

addition, Idearc has agreed to allow Geomas to depose the additional witnesses they identified as relevant to Idearc's proposed supplementation.  No prejudice exists.

**A.      Idearc seeks to add limited supplementation to two highly relevant prior art references that were timely disclosed in August 2007.** [2]

Idearc seeks to make a very limited supplementation — and one that arguably is not even required by the rules.  Idearc seeks to add supplemental detail to two previously disclosed systems — SuperPages and NYNEX, both of which Idearc fully disclosed in its August 2007 invalidity contentions.[3]  P.R. 3-3 requires defendants to disclose "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious."  Geomas's response seeks to transform this disclosure requirement into a mandate that Idearc attach to its contentions every document relating to prior art; no such requirement exists, and certainly no defendant is on notice of any such requirement. Idearc has fulfilled its obligations under the Patent Rules and only seeks leave to supplement out of an abundance of caution.

In its August 2007 Invalidity Contentions, in addition to identifying each claim to which SuperPages is prior art, Idearc disclosed and cited SuperPages as follows:

| SuperPages | DVD entitled *A Quick Tour of SuperPages,* Multimedia presentation given October 17, 1992. |
|---|---|
|  | GTE Labs was involved in the creation of SuperPages.  The above DVD identifies some of the circumstances surrounding the making of SuperPages.  Idearc's investigation regarding first-to-invent under 35 U.S.C §102(g) for SuperPages is ongoing.  Idearc reserves the right to modify, amend, or supplement this disclosure. |

---

[2] Idearc also seeks to include one additional reference to the Yahoo! System.  Geomas does not oppose such supplementation.

[3] These contentions were not "skeletal" as Geomas suggests, but instead, contained an 81-page claim chart and citations to over 75 prior art references.

Geomas now takes the absurd position that they did not know that by "SuperPages," Idearc meant the accused product in this case, SuperPages.com. Geomas contends that because Idearc listed the DVD, its disclosure of "SuperPages" was limited to the prototypes and systems demonstrated on the DVD, and therefore, Geomas argues that Idearc did not disclose the SuperPages system that became the accused product, SuperPages.com. This is wrong. Idearc described the DVD simply as identifying "some of the circumstances surrounding the making of SuperPages." And Mr. Deverix Horn, a former GTE employee, made clear in his testimony that SuperPages.com simply was a continuation of the work demonstrated in the DVD.[4] Ex. 1, *Deposition of Deverix Horn*, 79:1-6, *also* 91:3-7.[5]

Geomas cannot claim prejudice by Idearc's supplemental reference to the product accused of infringement:

> The court does not find that [Plaintiff] will be unfairly prejudiced by a claim that [Defendant's] predecessor itself is prior art. Showing that the patented system was invented before the accused system is the gravamen of [Plaintiff's] case.

*Finisar Corp. v. Directv Group*, 424 F. Supp. 2d 896, 900 (E.D. 2006).

Idearc's proposed supplementation for both SuperPages and NYNEX[6] is very limited and only made out of an abundance of caution. For SuperPages, Idearc merely seeks to add a summary of the circumstances leading to the development of SuperPages and citation to eight exemplar documents. For NYNEX, Idearc simply seeks to add a one

---

[4] Q.   Now, do you believe that the interactive directories system that GTE Labs had already developed by 1993 which you saw a demonstration of, do you believe the technology led directly to the development of SuperPages.
   A.   Very much so, yes.

[5] Though Geomas cites testimony from Mr. David Fay, it conveniently leaves out the testimony where Mr. Fay discusses the continuity between the 1992 version of SuperPages and SuperPages.com and states that SuperPages.com "certainly included the previous work." Ex. 2, *Deposition of David Fay*, 53:18-54:6.

[6] Geomas does not claim that Idearc failed to disclose the NYNEX System in its August 2007 Invalidity Contentions.

paragraph summary of the circumstances surrounding NYNEX and six additional exemplar document citations.

The goal of the Patent Rules is to provide "all parties with adequate notice and information with which to litigate their cases," and Geomas has had ample notice of Idearc's position that SuperPages and NYNEX invalidate the '474 Patent. *See Coopervision, Inc. v. Ciba Vision Corp.*, 480 F. Supp. 2d 884, 887 (E.D. Tex. 2007). The relevance of these systems cannot be overstated. If Idearc establishes that SuperPages and NYNEX are prior art, the patent is invalid and unenforceable. No reason exists to exclude evidence relating to these timely disclosed systems.

## B. Geomas will suffer no prejudice from Idearc's proposed supplementation.

Importantly, any prejudice that Geomas claimed it would suffer in its Response has been eradicated by Idearc's recent agreement to allow Geomas to conduct additional discovery relating to Idearc's proposed supplementation.[7] Days after Geomas filed its response claiming it would be prejudiced by having to conduct additional discovery, Geomas asked Idearc for the depositions of seven additional witnesses relating to Idearc's proposed supplementation. Ex. 3, (Nov. 24, 2008 letter from Darin Deaver at 3). Idearc agreed to allow Geomas to take each of those seven witnesses, and the Court has now granted the parties' Joint Motion to take these depositions outside of the discovery period.[8] Geomas has identified the additional witnesses they purport to need due to

---

[7] Though Geomas states that "[j]ustice delayed is justice denied," their actions in this litigation indicate that this is not a mantra to which they subscribe. Prior to the Court extending the deadline, fact discovery was set to end on October 30, 2008. Geomas did not take a single deposition until two weeks before the October 30th deadline. Geomas, in fact, took more than half of its depositions after the Court's extension. And now, as previously stated, Geomas has requested even further discovery.

[8] *Joint Motion to Allow Certain Discovery and to Extend the Deadlines for Mediation, Expert Reports, and Two Dispositive Motions* at 3-4 (Docket No. 123) (stating "Geomas has asked to take the depositions of

Idearc's limited supplementation, and Idearc has consented to allowing those depositions to proceed. Geomas's prejudice argument is moot.[9]

It is noteworthy that Geomas cites no case, nor does it appear that any case exists, where a court excluded such a supplementation to a previously disclosed prior art reference.[10] This is not a case where Idearc failed to plead invalidity or to file invalidity contentions.[11] Nor is Idearc seeking to add numerous previously undisclosed prior art references, and in fact, Geomas consents to the only new system that Idearc seeks to add.[12] Idearc has not engaged in any egregious conduct meriting a denial of its motion for leave.[13] In short, nothing here merits Geomas's request that the Court exclude the additional supplementation on the previously disclosed SuperPages and NYNEX systems. Good cause exists to allow Idearc to supplement its invalidity contentions.

---

various witnesses relating to Idearc's proposed Supplemental Invalidity Contentions that are currently the subject of a pending motion, and Idearc has agreed not to oppose that request").

[9] In addition to its now mooted claims regarding additional discovery that would be needed, Geomas also claims that the supplemental contentions would obligate Geomas to revisit its claim construction positions. *Plaintiffs' Response* at 13. Idearc's supplementation of additional circumstances and document citations to already disclosed prior art references has no effect on Geomas's claim construction positions or the Markman Order, which the Court issued on November 20, 2008. There was no need, nor did the Court require that every conceivably relevant document be obtained and disclosed prior to claim construction.

[10] In most, if not all, of the cases cited by Geomas where the court refused to allow a party to supplement its invalidity contentions, it was only due to egregious circumstances that do not exist here. And in at least one instance, Geomas directly misrepresents the holding of its cited case law. Geomas cites *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex 2005) as holding that the court rejected plaintiff's motion to supplement its infringement contentions. *Plaintiffs' Response* at fn. 42. The court, however, did not reject the plaintiff's motion to supplement, and instead, **ordered** the plaintiff to supplement its infringement contentions. *Connectel*, 391 F. Supp. 2d at 526-27.

[11] *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008) (refusing to allow the defendant leave to file invalidity contentions when the defendant did not allege invalidity as an affirmative defense, did not timely submit any invalidity contentions, and only offered as an excuse that "invalidity arguments are costly"). Cited in *Plaintiffs' Response* at fns. 31, 32, 41, 44, 48, and 50.

[12] *Finisar Corp. v. Directv Group*, 424 F. Supp. 2d 896, 897 (E.D. 2006) (defendant sought to add 58 additional prior art references to its invalidity contentions). Cited in *Plaintiffs' Response* at fns. 33, 51, and 52.

[13] *Texas Instruments, Inc. v. Hyundai Electronics Indus., Co.*, 50 F. Supp. 2d 619, 629-30 (E.D. Tex. 1999) (excluding evidence relating to a prior art system that the defendant did not include in its invalidity contentions when the court concluded that defendant began investigating the system six months before disclosing it, submitted a misleading, sworn declaration from one of its attorneys relating to the disclosure of the prior art, and provided inaccurate and incomplete information on witnesses it had hired as paid consultants). Cited in *Plaintiffs' Response* at 13.

Dated:  December 5, 2008                    Respectfully submitted,


                                           /s/ Timothy S. Durst
Michael C. Smith                           Timothy S. Durst
State Bar No. 18650410                     State Bar No. 00786924
Email:  michaelsmith@siebman.com           Email:  tim.durst@bakerbotts.com
SIEBMAN, REYNOLDS, BURG, PHILLIPS          Christopher W. Kennerly
  & SMITH, LLP                             State Bar No. 00795077
713 South Washington Avenue                Email:  chris.kennerly@bakerbotts.com
Marshall, Texas 75670                      Brian J. Gaffney
903.938.8900 – Voice                       State Bar No. 24032333
972.767.4620 – Facsimile                   Email:  brian.gaffney@bakerbotts.com
                                           Jennifer Adams
Joe A. Garza, Jr.                          State Bar No. 24036108
State Bar No. 07731900                      Email:  jennifer.adams@bakerbotts.com
Email:  joe.garza@idearc.com               BAKER BOTTS L.L.P.
IDEARC MEDIA CORP.                         2001 Ross Avenue, Suite 600
2200 W. Airfield Drive                     Dallas, Texas 75201-2980
P.O. Box 619810                            214.953.6500 – Voice
DFW Airport, TX  75261                     214.953.6503 – Facsimile
972.453.7160 – Voice
972.453.6869 – Facsimile


                                           ATTORNEYS FOR DEFENDANT
                                           IDEARC MEDIA SERVICES-WEST INC.


## CERTIFICATE OF SERVICE

The undersigned certifies that on December 5, 2008, the foregoing Motion was served on counsel of record either: (1) by the Court's Electronic Filing System, pursuant to Local Rule CV-5(a)(3)(A), if they have consented to electronic service, or (2) by electronic mail, if they have not so consented.


                                           /s/ Timothy S. Durst
                                           Timothy S. Durst